No. 91-456

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN THE MATTER OF THE ESTATE OF
NORMAN S. GREEN, DECEASED.

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

               Mark W. Mattioli; Poore, Roth & Robinson, Butte,
               Montana

        For Respondent:

               Richard Volinkaty, Missoula, Montana

FILED

Submitted on Briefs:   February 20, 1992

Decided:   March 19, 1992

Filed:   MAR 19 1992

Cal Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

_____
            Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

This is an appeal by the Estate of Norman S. Green from the May 8, 1991 order of the District Court for the Fourth Judicial District, Missoula County. In that order, the court appointed the Public Administrator for Missoula County to serve as Personal Representative of the Estate for the purpose of accepting service of the summons and complaint in a medical malpractice action filed by Patricia Freese. We affirm.

The issue is whether the District Court erred in failing to give notice to interested persons of the hearing on the petition for appointment of a personal representative.

Norman S. Green, M.D., died on November 25, 1981. Jann Green was appointed as Personal Representative of the Estate. On March 12, 1987, she filed her sworn statement to close the Estate, which was then closed on January 26, 1988.

On May 18, 1988, Patricia Freese filed a medical malpractice action against, among other defendants, Norman S. Green and his Estate. When she was unable to locate Jann Green, the former personal representative, she filed a petition for appointment of the Missoula County Public Administrator as personal representative to accept service on behalf of the Estate.

The petition asked that the court order that notice be mailed to the insurance carrier for the deceased, the attorneys for the estate of the deceased, the last known addresses of the distribu-

tees of the Estate, and the Public Administrator. The District Court ordered that notice be "served by ordinary first-class mail upon those persons specified in the Petition at least fourteen (14) days prior to the time set for hearing." The court's order also provided that

> any lack of Notice as stated herein shall not affect this Court's appointment of a Special Administrator for the purposes set forth in the Petition at the time set for hearing should the Court determine such appointment necessary and appropriate.

Counsel for Green's insurer, Aetna Insurance Company, was present at the May 8, 1991 hearing for the limited purpose of contesting jurisdiction. At the conclusion of the hearing, the court appointed as personal representative the Public Administrator for Missoula County.

The position of the Estate is that because the address of the former personal representative was unknown, notice of the hearing on appointment of a new personal representative should have been published, under § 72-1-301(1)(c), MCA. However, § 72-1-301(2), MCA, provides that, for good cause shown, the court may provide for a different method or time of giving notice for any hearing.

Here, the exposure of the Estate is limited to its available insurance, pursuant to § 72-3-803(1) and (3), MCA. The insurer was served with notice, appeared at the hearing, and did not propose any other person to be appointed as personal representative for the purpose of service of the complaint.

3

Under the circumstances of this case, there is no apparent purpose for requiring publication of notice of the hearing on appointment of a new personal representative other than harassment and delay. We hold that the District Court did not err in the manner in which it directed that notice be given or in appointing the Public Administrator as personal representative at the conclusion of the hearing. Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

Chief Justice

We concur:

Justices

4

March 19, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Mark W. Mattioli
Poore, Roth & Robinson
1341 Harrison Ave.
Butte, MT 59701

Richard Volinkaty
Attorney at Law
P.O. Box 8272
Missoula, MT 59807

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy